UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TROY KIDWELL, ) | |
| ) | |
| Movant, ) | |
| ) | NO. 2:20CR129-PPS |
| v. ) | (Associated Civil No. 2:22CV382-PPS) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

After his plea of guilty to child pornography charges, Troy Kidwell was sentenced on February 22, 2022 to an aggregate prison term of 25 years. [DE 57.] That term was made binding on the court by a plea agreement Kidwell entered into with the government. [DE 35.] A direct appeal was taken but was dismissed. [DE 59, 67.] Kidwell has now filed a motion under 28 U.S.C. §2255 seeking to vacate, set aside or correct his sentence. [DE 68.] Kidwell asserts four grounds for relief: 1) that his guilty plea was not made voluntarily and knowingly; 2) that the search of his person and his home violated the Fourth Amendment; 3) that he received ineffective assistance of counsel; and 4) that the prosecution failed to disclose exculpatory evidence. Because I find that none of Kidwell's arguments demonstrates a basis for relief under §2255, the motion will be denied.

### Section 2255 Standards

Section 2255(a) authorizes a federal court to grant relief where a federal prisoner's sentence "was imposed in violation of the Constitution or laws of the United

States, or [if] the court was without jurisdiction to impose such sentence, or [if] the sentence was in excess of the maximum authorized by law." The Seventh Circuit has observed that this is a high bar: "Relief under §2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013)).

### Ground One: the Voluntariness of Kidwell's Plea of Guilty

Kidwell has expressed all of his grounds for relief very briefly using the court's AO243 form. In its entirety, Ground One reads"Conviction of plea guilty not understanding charges & the consequences of charge, Plea not made Voluntarily. I have a mental disability & learning disability. My attorney coached me & told me what to do & say." [DE 68-1 at 4.] The record defeats this claim because this argument was made on direct appeal (despite the appeal waiver included in his plea agreement), and was rejected. The Seventh Circuit's order of October 17, 2022 notes that "Kidwell swore at the change-of-plea hearing that he did fully understand the plea agreement, and there is no mention of his learning disability in the record. And a defendant has 'no chance of success on appeal' if his arguments contradict his own statements during the plea hearing." [DE 67-1 at 2, quoting *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999).]

2

To more fully explain the Seventh Circuit's conclusion I will review the plea record in some detail, starting with the plea agreement document. In the plea agreement Kidwell acknowledged that he had read the Superseding Indictment and discussed it with his lawyer, and did both "believe and feel that [he] underst[oo]d every accusation made against [him] in this case." [DE 35 at ¶2.] Kidwell further agreed that his lawyer had counseled him "as to the nature and elements of every accusation" and "any possible defenses." [*Id.* at ¶3.] The plea agreement sets out various consequences of Kidwell's guilty plea, including the waiver of certain rights, his agreement to a sentence of 25 years' imprisonment, his agreement to pay certain amounts of restitution, and the requirement that he register as a sex offender. [*Id.* at ¶5, ¶7(d)(i), (d)(iii), and (h).] The plea agreement set out facts supporting Kidwell's conviction of each of the four counts, and Kidwell's admission of those facts. [*Id.* at ¶8.] Kidwell attested that his attorney had "done all that anyone could do to counsel and assist [him], and that [he] now underst[oo]d the proceedings in this case." [*Id.* at ¶10.] Finally, the plea agreement contains Kidwell's declaration that he "offer(s) [his] plea of guilty freely and voluntarily and of [his] own accord." *Id.* at ¶11.]

During the change of plea hearing before Magistrate Judge Martin, Kidwell continued, while under oath, to make statements that he now attempts to contradict. He agreed that he had received a written copy of the charges and "fully discussed each of the charges and the case in general" with his attorney. [DE 64 at 7.] Kidwell further acknowledged that he was "satisfied with the counsel, representation, and advice

3

given...by [his] lawyer." [*Id*.] After being directed to review the final page of the plea agreement, Kidwell admitted that his signature on the document was genuine. [*Id*. at 8.] Highly pertinent to his current claim, Kidwell agreed that he'd had an opportunity to read and discuss the plea agreement with counsel before he signed it, and that he believed he understood all the terms of the plea agreement. [*Id*.] Counsel also confirmed his belief that Kidwell understood all of the terms of the agreement, after counsel had "fully gone through the plea agreement with him and answered all of his questions." [*Id*. at 8-9.] Kidwell's attorney had "no reservations about Mr. Kidwell's competence to plead guilty." [*Id*. at 9.]

Judge Martin reviewed with Kidwell critical portions of the agreement, including the binding 25-year term of imprisonment that he was agreeing to, followed by a 15-year term of supervised release. [*Id*. at 10.] Kidwell acknowledged that he was pleading guilty of his own free will because he was in fact guilty of the crimes charged. [*Id*. at 15.] Judge Martin described the possible loss of certain civil rights resulting from the plea to a felony, the maximum penalties applicable to the counts of conviction, and the requirement of sex offender registration. [*Id*. at 15-17.] After all of this advice, Kidwell affirmed that he "fully underst[oo]d those possible consequences of [the] plea of guilty" that Judge Martin had described. [*Id*. at 18.] The Assistant United States Attorney set out the facts the government would be prepared to prove at trial to establish Kidwell's guilt of all four offenses, with several repetitions to insure that

4

Kidwell heard and understood her. [*Id*. at 24-29.] Disputing only one immaterial detail, Kidwell acknowledged the truth of the government's proffer. [*Id*. at 30, 31-32.]

Kidwell's acknowledgment that he knew and understood all these things binds him now. "Voluntary responses made by a defendant under oath before an examining judge ... are binding." *United States v. White*, 597 F.3d 863, 868 (7th Cir. 2010). "[T]he defendant's statements at a plea colloquy are presumed to be true." *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008). And "[s]elf-serving statements offered after the plea hearing generally fall in the face of contradictory voluntary statements made by the defendant during a plea hearing – the latter are presumed true." *United States v Mosley*, 35 F.3d 569 (7th Cir. 1994)[Table]. "We may reject out of hand, absent a compelling explanation, factual allegations that depend on the defendant having committed perjury at a plea hearing." *United States v. Purnell*, 701 F.3d 1186, 1190-91 (th Cir. 2012). *See also United States v. Gonzalez*, 772 Fed.Appx. 358, 359 (7th Cir. 2019). As the Seventh Circuit has said in rejecting the same contention, Kidwell has no chance of success when he seeks relief by contradicting his own sworn statements at the time he offered the guilty plea. Kidwell's summary claims about his competence to enter his plea of guilty are belied entirely by the careful record that was made at that time. As such, Ground One is without merit.

### Ground Two: The Fourth Amendment Claim

Kidwell's Ground Two is his claim that "officers searched my person & my home without [a] search warrant." [DE 68-1 at 4.] The government parries this contention easily, and Kidwell does not refer to any Fourth Amendment issues in his reply. Kidwell's guilty plea waived this sort of search and seizure argument. "An unconditional plea waives all nonjurisdictional defects arising before the plea." *United States v. Hill*, No. 22-2400, 2023 WL 2810289, at *2 (7th Cir. April 6, 2023). This includes Fourth Amendment claims. *United States v. Turner*, 55 F.4th 1135, 1139 (7th Cir. 2022).

The waiver is sufficient to deny relief on Ground Two, but there are other procedural barriers as well. The search argument is an attack on Kidwell's conviction that falls within the appeal waiver Kidwell agreed to in his plea agreement. [DE 35 at ¶7(j).] A direct appeal, rather than a collateral attack under §2255, would have been the means to raise a Fourth Amendment claim. *Stone v. Powell*, 428 U.S. 465, 481-82 (1976); *Brock v. United States*, 573 F.3d 497, 499-500 (7th Cir. 2009); *Owens v. United States*, 387 F.3d 607, 609 (7th Cir. 2004). No relief will be granted on Ground Two.

### Ground Three: Ineffective Assistance of Counsel

Kidwell's third ground for relief based on alleged ineffective assistance of counsel is vague at best. Here is the sum total of what he tells me about his lawyer: "My attorney held a prejudice due to nature of charges, refused to listen to me & my wishes & coached me throughout, suppressing exculpitory (*sic*) evidence. My attorney

6

did not explore my discovery." [DE 68-1 at 4.] After the government's opposition, Kidwell's reply does not address ineffective assistance.

The Sixth Amendment to the U.S. Constitution guarantees criminal defendants the right to effective assistance of counsel for their defense. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). Ineffective assistance claims are subject to the familiar two-part test from *Strickland*. The first prong of the test requires a showing that counsel's representation fell below an objective standard of reasonableness. *Id*. at 688. To succeed on the first element, Kidwell must show some specific acts or omissions that fall below an objective standard of reasonableness and which could not have been the result of professional judgment. *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015); *see also United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). Kidwell's claims fail to meet the first prong of the *Strickland* standard because they are so generally stated. What wishes of Kidwell's did his attorney ignore? What evidence did he suppress? What discovery did he fail to investigate? The lack of any detailed explanation of counsel's allegedly ineffective acts or omissions makes it impossible to find that counsel's performance fell below an objective standard of reasonableness.

As for the second element of the *Strickland* paradigm, Kidwell must show that he suffered prejudice as a result of ineffective counsel. *Strickland*, 466 U.S. at 690. This means that Kidwell must show a reasonable probability that, but for counsel's failure or error, the results of Kidwell' prosecution would have been substantially different. *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003). The threadbare statement of

Kidwell's claim also fails to meet the prejudice prong of the *Strickland* standard, because it does not allege (much less persuasively so) how counsel's shortcomings negatively impacted the outcome of the case, making the proceedings unfair or unreliable. Ground Three is without merit.

## Ground Four:  Prosecution's Failure to Supply Exculpatory Evidence

Ground Four of Kidwell's §2255 motion argues that "neither prosecution nor defense attorney presented exculpatory evidence & suppressed my history & records of mental illness."  [DE 68-1 at 5.]  As with the Fourth Amendment claim, this *Brady* claim could have presented on direct appeal, but was forfeited by Kidwell's appeal waiver and later unsuccessful direct appeal in which it was not raised.  *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).  "A claim that has been procedurally defaulted ordinarily may only be raised in a §2255 proceeding if the defendant demonstrates that he is 'actually innocent,' or that there is 'cause,' and actual prejudice."  *Id.*, quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998).  Kidwell makes no such showing.

In any event, Kidwell's claim is without merit.  *Brady v. Maryland*, 373 U.S. 83 (1963), requires that the prosecution provide the defense with evidence favorable to the defendant.  "[W]ithout a showing that certain evidence has been withheld there is nothing to support a *Brady* claim."  *United States v. Thomas*, 763 F.3d 689, 696 (7th Cir. 2014).  Kidwell refers generally to evidence of his history of mental illness, but without adequately identifying "what this evidence is."  *Id*.  The government pointed out in its opposition that Kidwell's argument was vague and conclusory rather than "detailed

8

and specific," citing *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006), but again Kidwell makes no effort to bolster the argument in his reply.

I have already dealt with Kidwell's assertion of ineffective assistance from his own attorney, which in any event does not support relief under *Brady*, which imposes a responsibility on the prosecution. As for the government, Kidwell does not identify any information that the prosecution possessed about his mental health history, so as to implicate *Brady*. The presentence investigation report indicated that Kidwell could not recall ever being diagnosed with any mental health conditions, suggesting that no "records of mental illness" existed. [DE 48 at ¶98.] Even if the claim had not been waived, no suppression of exculpatory evidence is demonstrated.

## Conclusion

Relief under §2255 "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Kidwell seeks relief on the basis of several claims that are foreclosed because he waived direct appeal, where they should have been raised. He also seeks relief on the basis of ineffective assistance of counsel claims for which he demonstrates neither deficient performance nor prejudice. Finally, his challenge to the competence of his guilty plea has been rejected by the Seventh Circuit and is in any event defeated by the thorough and contrary record made at the time. The motion to vacate, set aside or correct his conviction will be denied.

## Certificate of Appealability

Because I find that Kidwell has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists could not debate the reasoning for rejecting his motion under §2255, I will also deny a certificate of appealability. 28 U.S.C. §2253(c)(2); *Welch v. United States*, 136 S.Ct. 1257, 1263 (2016). If Kidwell wishes to appeal this Opinion and Order denying his §2255 motion, he must seek a certificate of appealability from the Court of Appeals under Federal Rule of Appellate Procedure 22.

**ACCORDINGLY:**

Troy Kidwell's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence [DE 68] is DENIED, and a certificate of appealability is also DENIED.

The Clerk shall provide a copy of this order to Kidwell at the institutional address from which his motion was mailed.

**SO ORDERED**.

ENTERED: May 24, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT